# FARELLA BRAUN + MARTEL LLP
Attorneys At Law

Russ Building / 235 Montgomery Street
San Francisco / CA 94104

T 415.954.4400 / F 415.954.4480
www.fbm.com

KELLY A. WOODRUFF
kwoodruff@fbm.com
D 415.954.4403

April 2, 2012

Honorable Lawrence K. Karlton
United States District Court
Eastern District of California
501 "I" Street
Sacramento, CA 95814

Re:   *Sharp v. Fred Salyer Irrevocable Trust*, Civ. No. S-11-1839 LKK
*Sharp v. SKF Aviation, LLC*, Civ. No. S-11-1840 LKK
*Sharp v. Salyer*, Civ. No. S-11-1841 LKK
*Sharp v. SSC Farms 1, LLC*, Civ. No. S-11-1842 LKK
*Bank of Montreal v. Salyer*, Civ. No. S-11-1845 LKK
*Bank of Montreal v. Internal Revenue Service*, Civ. No. S-11-1846 LKK
*Bank of Montreal v. CSSS, L.P.*, Civ. No. S-11-1847 LKK
*Bank of Montreal v. California Franchise Tax Board*, Civ. No. S-11-1849 LKK
*Bank of Montreal v. California Franchise Tax Board*, Civ. No. S-11-1850 LKK
*Bank of Montreal v. Collins*, Civ. No. S-11-1853 LKK
*Bank of Montreal v. Collins*, Civ. No. S-11-1855 LKK

Dear Judge Karlton:

Pursuant to this Court's Order, entered March 26, 2012, in each of the above-referenced bankruptcy appeals, Appellees Scott Salyer, individually and as trustee of the Scott Salyer Revocable Trust, SK PM Corp., SK Foods, LLC, SKF Canning, LLC, Blackstone Ranch Corporation, SKF Aviation, LLC, Monterey Peninsula Farms, Salyer Management Company, LLC, SK Farms Services, LLC, SK Frozen Foods, LLC, SS Farms, LLC, SSC Farming, LLC, SSC Farms I, LLC, SSC Farms II, LLC, SSC Farms III, LLC, SKF Aviation, LLC and CSSS LP (collectively, "Appellees") respond that a stay of the bankruptcy adversary proceedings is still necessary to protect Mr. Salyer's Fifth Amendment right against self-incrimination.



Honorable Lawrence K. Karlton
April 2, 2012
Page 2

On Friday, March 23, 2012, Mr. Salyer entered a plea in *United States v. Salyer*, Cr. No. S-10-061 LKK. The sentencing hearing is currently set for July 12, 2012. Mr. Salyer's plea agreement provided that the government and Mr. Salyer agreed to a sentence within a specific time range, pursuant to Federal Rule of Criminal Procedure Rule 11(c)(1)(C). Under the provisions of Rule 11(c)(3), the Court may accept or reject the plea agreement, or it may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report. If the Court accepts the plea agreement, the Court will inform the parties that it will embody in the judgment and sentence the disposition provided for in the plea agreement. If, however, the Court rejects the plea agreement, Mr. Salyer will be presented with the opportunity to withdraw his plea.

Because Mr. Salyer's plea agreement has not yet been accepted by the Court, Mr. Salyer has a continued Fifth Amendment right not to incriminate himself up to the point at which his plea is accepted by the Court. Accordingly, it is essential that the stays of the bankruptcy adversary proceedings that are currently subject to appeal remain in place in order to preserve Mr. Salyer's Fifth Amendment rights.

Sincerely,

Kelly A. Woodruff

KAW/smv

cc: Mr. Greg Nuti
Mr. Kevin Coleman
Mr. Todd Dressel
Mr. James Spiotto

27019\3014628.1